IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 19-2260-TUC-JAS (MAS) |
| Plaintiff, | **ORDER** |
| vs. | |
| Juan Antonio Medrano-Bejarano, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Aguilera. In the Report and Recommendation, Magistrate Judge Aguilera recommends denying Defendant's motion to dismiss (Doc. 59) and motion for a bill of particulars (Doc. 60), and recommends that the Government's expert witness, Supervisory Special Agent Matthew Hall, be found qualified to offer the testimony specified in the Government's notice of expert witnesses (Doc. 55). As the Court finds that the Report and Recommendation appropriately resolved the issues, Defendant's objections are denied.[1]

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Magistrate Judge Aguilera's Report and Recommendation (Doc. 116) is accepted and adopted.

(2) Defendant's motion to dismiss (Doc. 59) and motion for a bill of particulars (Doc. 60) are **denied**.

(3) The Government's expert witness, Supervisory Special Agent Matthew Hall, is found to be qualified to offer the testimony specified in the Government's notice of expert

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *See Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

witnesses (Doc. 55); however, this issue will be explored further at trial based on a Ninth Circuit opinion that was issued two days after the Report and Recommendation in this case. (i.e., the Report and Recommendation was issued on August 17, 2020, and two days later a Ninth Circuit case was published that touched upon similar expert testimony offered by Agent Hall in a previous trial in this District). *See Valencia-Lopez v. United States*, 2020 WL 4814139, - F.2d - (August 19, 2020). At trial, prior to Agent Hall's testimony, the Court will excuse the jury to allow Defendant to conduct additional voir dire as to Agent Hall. Doc. 55 reflects the issues that Agent Hall intends to discuss at trial. The Government and Defendant shall confer prior to trial to determine exactly what expert opinions Agent Hall intends to offer at trial, how Agent Hall's particular experience offers a reliable basis to support a specific opinion, and why Defendant believes Agent Hall's particular experience does not establish a reliable basis for Agent Hall to offer a specific opinion. The Government, Agent Hall, and Defendant shall closely review the *Valencia-Lopez* opinion prior to trial, shall be prepared to discuss the aforementioned issues at the hearing (outside the presence of the jury) during trial, and Agent Hall shall be prepared to testify (on direct and cross) as to the aforementioned issues at the hearing.[2]

Dated this 16th day of September, 2020.

Honorable James A. Soto
United States District Judge

---

[2] The Court notes that it has reviewed Defendant's notice (Doc. 129) in regards to remanding this case to Magistrate Judge Aguilera in light of *Valencia-Lopez*; however, to avoid continuing the trial (which a remand would necessitate) the Court will further examine this issue at the hearing in the midst of trial as discussed above.